UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MELISSA M. NEWELL** | * | CASE NO. 6:20-cv-1525 |
| **Plaintiff** | * | SECTION |
| v. | * | MAG |
| **ACADIANA PLANNING COMMISSION, INC.** | * | CIVIL COMPLAINT |
| **Defendant** | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

**COMPLAINT FOR DAMAGES**
**DUE TO EMPLOYMENT DISCRIMINATION**

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, **MELISSA M. NEWELL** ("Plaintiff"), a person of the full age of majority, who brings this action against her former employer, **ACADIANA PLANNING COMMISSION, INC.** ("Defendant" or "Acadiana"), a domestic non-profit corporation residing, and doing business, in this judicial district, as follows:

**I.**
**JURISDICTION AND VENUE**

This Court has jurisdiction over Plaintiff's claims under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. 2000e, *et seq.,* which prohibits discrimination based on race and religion. Venue is alleged to be present in this judicial district as Defendant resides herein and the actions which form the basis of this dispute and liability also occurred in this judicial district.

**II.**
**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Plaintiff, a Black female, was subjected to acts of racial and religious discrimination, as

well as retaliation for lodging complaints of said discrimination, culminating in her unlawful termination of employment on or about November 1, 2018. Plaintiff thus filed a Charge of Discrimination with the EEOC/Louisiana Commission on Human Rights ("LCHR"), on or about August 12, 2019, which was assigned Charge No. 461-2019-01070 ("Charge"). Plaintiff's Charge, and EEOC file which has been requested and will be obtained via FOIA request, are incorporated herein, *in globo* and *in extenso*. The EEOC then issued a Dismissal and Notice of Right To Sue Letter on September 3, 2020, which Plaintiff received on or about September 7, 2020. As such, this suit has been timely filed within 90 days of Plaintiff's receipt of said Right To Sue Letter.

### III.
### FACTS

The operative facts are stated in Plaintiff's EEOC Charge and her EEOC file materials. Plaintiff began her employment with Defendant in April, 2014. She was repeatedly passed over for promotional opportunities, despite superior qualifications, due to her race and/or religion. She was also subjected to a hostile work environment, again due to her race and/or religion. These unlawful actions did not end after Plaintiff lodged complaints thereof, including a complaint directly to the Defendant's Board of Directors ("Board"), at which time Plaintiff was instructed by Defendant's Director to withdraw her complaint to the Board and "just pray about it." Shortly after meeting with the Board, on or about October 11, 2020 Plaintiff suffered a retaliatory discharge, on or about November 1, 2020, without any further discussion or communication regarding the unlawful discrimination Plaintiff had been subjected to.

### IV.
### COUNT I - DISCRIMINATION

Plaintiff reiterates, re-alleges and incorporates all allegations, averments and

representations contained in all previous paragraphs I through III inclusive. By committing the negligent and intentional acts complained of, including disparate treatment as well as a hostile work environment due to Plaintiff's race and religion, Defendant has violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 42 U.S.C. 2000e, *et seq.,* which prohibits discrimination in employment on the basis of race and on the basis of religion. These and other violations have caused Plaintiff loss of pay, emotional, mental, psychological and physical harm, loss of income, loss of family and loss of enjoyment of life, for which Defendant is liable in compensatory, punitive, exemplary, legal, equitable, nominal and all other damages that this Court deems necessary and proper.

## V.

## COUNT II - RETALIATION

Plaintiff reiterates, re-alleges and incorporates all allegations, averments and representations contained in all previous paragraphs I through IV inclusive. By committing the retaliatory acts complained of in response to Plaintiff's legitimate complaints of discrimination, Defendant has violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 42 U.S.C. 2000e, *et seq.,* which prohibits retaliation on the basis of race and on the basis of religion. These and other violations have caused Plaintiff loss of pay, emotional, mental, psychological and physical harm, loss of income, loss of family and loss of enjoyment of life, for which Defendant is liable in compensatory, punitive, exemplary, legal, equitable, nominal and all other damages that this Court deems necessary and proper.

## VI.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, **MELISSA M. NEWELL,** prays that this Complaint be filed

and served and, after due proceedings, there be judgment in her favor and against Defendant **ACADIANA PLANNING COMMISSION, INC.,** for, compensatory, punitive, exemplary, general, legal, liquidated, equitable, and nominal damages, as well as for all costs, expenses and attorney's fees, and for all other damages and relief, equitable and legal, including legal interest, that this Court deems necessary and proper.

Respectfully Submitted:

＿/s/ John O. Pieksen, Jr.＿＿＿
John O. Pieksen, Jr. (LA Bar #21023)
BAGNERIS, PIEKSEN & ASSOCIATES, LLC
935 Gravier St., Suite # 2110
New Orleans, LA 70112
Off: 504.493.9770
Fax: 504.493.9771
pieksen@bpajustice.com
**Counsel for Plaintiff, Melissa M. Newell**

Plaintiff will issue a Notice of Lawsuit
and Request For Waiver of Service and
Citation to Defendant