UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **MELISSA M NEWELL** | **CASE NO. 6:20-CV-01525** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **ACADIANA PLANNING COMMISSION INC** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM RULING

The present matter before the Court is a Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim [ECF No. 3] filed by defendant Acadiana Planning Commission, Inc. ("APC"). For the reasons explained below, the Motion to Dismiss is DENIED, but plaintiff is ordered to file an amended complaint.

### I.
### BACKGROUND

Plaintiff Melissa Newell was hired by defendant APC—or APC's predecessor—in April 2014. Newell contends that she was "repeatedly passed over for promotional opportunities, despite superior qualifications, due to her race and/or religion."[1] Newell also contends that she was subjected to a "hostile work environment, again due to her race and/or religion."[2] Newell alleges that she complained about these discriminatory actions and harassment to APC's Board of Directors on or around October 11, 2018.[3] Newell further alleges that APC's Director requested that she withdraw her complaint to the Board and "just pray about it."[4] Newell contends that APC then retaliated against her for filing a complaint with the Board by terminating her employment on

---

[1] ECF No. 1 at 2.
[2] Id.
[3] Id.
[4] Id.

1

or about November 1, 2018.[5] Newell file a charge with the Equal Employment Opportunity Commission ("EEOC") and Louisiana Commission on Human Rights on August 12, 2019 (the "EEOC Charge"). On September 3, 2020, the EEOC closed Newell's file and issued a "right to sue" letter.[6] Newell commenced the present action under Title VII on December 1, 2020, and APC filed a motion to dismiss Newell's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.
## RELEVANT STANDARD

Under Rule 8(a)(2) of the Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Accordingly, to "survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'"[7] The facts alleged, taken as true, must state a claim that is plausible on its face.[8] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9] A complaint is not sufficient if it offers only "labels and conclusions," or "a formulaic recitation of the elements of a cause of action."[10]

---

[5] *Id.*
[6] *Id.* at 12.
[7] *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-57 (2007).
[8] *Amacker v. Renaissance Asset Mgmt. LLC*, 657 F.3d 252, 254 (5th Cir. 2011).
[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 677-80 (2009).
[10] *Id.* (quoting *Twombly*, 550 U.S. at 554-57).

# III.
# DISCUSSION

### A.  Title VII Disparate Treatment Claim.

APC first challenges Newell's disparate treatment claim under Title VII. Title VII provides that "it shall be an unlawful employment practice for an employer to ... discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion ... or national origin."[11] An employer's action will be found unlawful if the employee can demonstrate that race or religion was a "motivating factor" for an adverse employment action, even if the employer was also motivated by other lawful factors.[12] The pleading standard for a Title VII claim is governed by *Swierkiewicz v. Sorema N.A.*[13]—not the evidentiary standard set forth in *McDonnell Douglas Corp. v. Green*.[14] Under *Swierkiewicz*, "there are two ultimate elements a plaintiff must plead to support a disparate treatment claim under Title VII: (1) an adverse employment action, (2) taken against a plaintiff because of her protected status."[15] While *McDonnell Douglas* does not govern a Rule 12(b)(6) analysis of the adequacy of a plaintiff's Title VII allegations, courts have looked to *McDonnell Douglas* in assessing a plaintiff's allegations where, as here, those allegations rely on circumstantial evidence of discrimination.[16] The *McDonnel Douglas* framework requires a plaintiff to first establish a prima facie case of discrimination by showing that: (1) she was a member of a protected class; (2) she was qualified for her position; (3) she was discharged or

---

[11] 42 U.S.C. § 2000e–2(a).
[12] *Vaughn v. Woodforest Bank*, 665 F.3d 632, 636 (5th Cir. 2011) (citing 42 U.S.C. § 2000e-2(m)).
[13] 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).
[14] 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).
[15] *Cicalese v. Univ. of Texas Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019) (quotations omitted) (citing *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013)).
[16] *Cicalese*, 924 F.3d at 767 ("In such cases, we have said that it can be 'helpful to reference' that framework when the court is determining whether a plaintiff has plausibly alleged the ultimate elements of the disparate treatment claim.") (quoting *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 470 (5th Cir. 2016)).

subject to an adverse employment action by her employer; and (4) she was replaced by someone outside her protected class or was treated less favorably than other similarly situated employees outside of the protected group.[17]

### 1. Has Newell Pled a Plausible Title VII Discrimination Claim?

Newell alleges unlawful discrimination based on race and religion. Newell's complaint, however, alleges few facts supporting her disparate treatment claim. Instead, she alleges, in conclusory fashion that "she was repeatedly passed over for promotional opportunities, despite superior qualifications, due to her race and/or religion." Newell's EEOC Charge and her EEOC file—which she incorporates by reference in her complaint—provide a few additional facts to support her claim. Specifically, the EEOC Charge summarizes Newell's claim:

> I began my employment with the Acadiana Planning Commission in April 2014, as Transportation Safety Coordinator. Throughout my employment, I was denied and passed over for promotional opportunities. On or about September 26, 2018, Monique Boulet, Executive Director, came in to my office multiple times yelling and screaming at me. The last time Ms. Boulet came into my office, she knocked things off my desk and stated that I attacked her and screamed 'Call the Police.' Other employees heard the commotion and came in to my office to defuse the situation. Ms. Boulet kept yelling that I attacked her and for someone to 'call the police'. I was requested by Rachel Godeaux, Direct, to attend a meeting with Ms. Boulet and several others. I declined the meeting and exercised my option to file a complaint with the Board of Directors. In my statements and meetings with the Board, I expressed that I felt my race was a factor in Ms. Boulet's actions. Prior to my meeting with the board, I was told by Ms. Godeaux that I just needed to pray. I told Ms. Godeaux that I was uncomfortable with that line of conversation, but Ms. Godeaux continued to discuss prayer. I was never informed of any results after I met with the Board on or about October 11, 2018. On November 1, 2018, I was discharged.
>
> According to Ms. Boulet, I was discharged for not being able to communicate in a calm and professional manner, inability to get along with other staff, creating office disturbances, using the computer for personal use, and for not being able to fulfill the needs of the contract.
>
> I believe I have been discriminated against because of my race, black, my religion, and that I have been retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended.[18]

---

[17] *Id.*; *Okoye v. University of Texas Houston Health Science Center*, 245 F.3d 507, 512 (5th Cir.2001).
[18] ECF No. 3-2 at 19-20.

4

Newell's Opposition to the Motion to Dismiss also includes an affidavit that identifies additional facts supporting her disparate treatment claim,[19] but those facts are not pled in her complaint.

Considering the factual allegations in the complaint and the EEOC Charge, Newell's allegations do not state a plausible disparate treatment claim under Title VII. With respect to her termination, Newell does not plead facts showing that she was replaced by someone outside her protected class, or that she was treated less favorably than other similarly situated employees outside of her protected group. For example, Newell points to no comparators to show that she was subject to less favorable treatment. With respect to her "failure to promote" allegations, her complaint includes no facts identifying the openings for which she applied,[20] whether she was qualified for those specific openings, whether those openings were merely lateral transfers,[21] or whether someone outside her protected class was selected for the opening. Instead, the complaint merely states, in a conclusory fashion, that Newell was subjected to discrimination based on race and religion. Nor does Newell's EEOC Charge supply the facts necessary to state a plausible Title VII claim. A plaintiff need not plead a Title VII claim with detailed factual allegations; but the allegations must assert *facts*, not conclusions.[22] And, those facts must be sufficient to show that the plaintiff has a plausible claim of disparate treatment under Title VII. Here, Newell's allegations do not state a plausible Title VII claim.

---

[19] ECF No. 6-1.
[20] *Grice v. FMC Techs. Inc.*, 216 F. App'x 401, 406–07 (5th Cir. 2007) (the court noted that there was no evidence that the plaintiff "actually applied for a position and was not promoted.")
[21] *Knox v. PHC-Cleveland, Inc.*, 24 F. Supp. 3d 584, 589–90 (N.D. Miss. 2014) ("'Title VII was not enacted to address every employment decision,' such as an employer's denial of an employee's request for a purely lateral transfer.") (quoting *McFall v. Gonzales,* 143 Fed.Appx. 604, 608 (5th Cir. 2005)).
[22] Rule 8 does not require "detailed factual allegations," but "it demands more than 'labels and conclusions.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555). Moreover, "'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly,* 550 U.S. at 555).

## 2. Leave to Amend.

Newell opposes dismissal but, in the alternative, seeks leave to amend her complaint. Rule 15(a) of the Federal Rules of Civil Procedure provides that courts should "freely" grant leave to amend when "justice so requires." But this "generous standard is tempered by the necessary power of a district court to manage a case."[23] One key exception to this generous standard is where the amendment would be futile.[24] In determining futility, courts "apply the same standard of legal sufficiency as applies to Rule 12(b)(6)."[25] In other words, if an amendment would be subject to the same grounds of dismissal as under a defendant's original Rule 12(b)(6) motion, amendment would be futile, and the court should deny leave to amend.

Newell's request for leave to amend points to the additional facts set forth in her affidavit and argues that she can cure any deficiencies in her complaint by amending and including these facts.[26] APC contends that an amendment would be futile because Newell did not timely exhaust her administrative remedies. Before filing suit, Title VII plaintiffs must first exhaust their administrative remedies by filing a charge of discrimination with the EEOC within 180 days of the alleged discrimination.[27] However, this "time period is extended to 300 days if 'the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice[,]'" such as in Louisiana.[28]

Here, there is no dispute that Newell filed a charge with the EEOC.[29] The Fifth Circuit "interprets what is properly embraced in review of a Title VII claim somewhat broadly, not solely

---

[23] *Priester v. J. P. Morgan Chase Bank, N.A.*, 708 F.3d 667, 678 (5th Cir. 2013).
[24] *See Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000).
[25] *Id.*
[26] ECF No. 6.
[27] 42 U.S.C. § 2000e-5(e)(1); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002).
[28] *Conner v. Louisiana Dep't of Health & Hospitals*, 247 F. App'x 480, 481 (5th Cir. 2007) (quoting 42 U.S.C. § 2000e–5(e)).
[29] ECF No. 3-2.

by the scope of the administrative charge itself, but by the scope of the EEOC investigation which 'can reasonably be expected to grow out of the charge of discrimination.'"[30] The circuit does not require that an EEOC charge allege a prima facie Title VII case in order to satisfy the exhaustion requirement.[31] While Newell's EEOC Charge does not state a prima facia Title VII claim, it fairly encompasses the claims asserted in her complaint. The charge specifically references discrimination based on religion and race. The charge also refers to Newell's allegations that APC failed to promote her, and that it terminated her on the grounds of race and religion.[32]

With respect to timeliness, neither the sparse allegations of Newell's complaint nor the summary of Newell's EEOC Charge show whether all the conduct at issue fell within the 300-day window to file a timely EEOC charge. APC, however, points to Newell's affidavit, which recounts a specific incident where Newell requested a promotion, and the position—APC's Director of Community Engagement and Economic Development—was offered to another person outside Newell's protected class.[33] APC contends that, based on the timeline reflected in Newell's EEOC file, this incident occurred no later than 2016, which is more than 300 days before Newell filed her EEOC charge. To the extent that Newell's Title VII claim is based on this one denied promotion, the Court agrees that Newell did not timely exhaust her administrative remedies and cannot, therefore, base her Title VII disparate treatment claim on this one discrete incident.[34]

---

[30] *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006) (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)).
[31] *Id.*
[32] ECF No. 3-2 at 19–20.
[33] ECF No. 6-1 at ¶ 5.
[34] Newell cannot rely on the so called "continuing violation" doctrine to wrap this incident into her disparate treatment claim even if other incidents occurred within the 300-day period. "Claims alleging discrete acts are not subject to the continuing violation doctrine; hostile workplace claims are." *Heath v. Bd. of Supervisors for S. Univ. & Agric. & Mech. Coll.*, 850 F.3d 731, 737–39 (5th Cir. 2017). Claims based on a "failure to promote" are based on "discrete acts," and thus are not subject to the doctrine. *Grice*, 216 F. App'x at 406–07.

Newell's affidavit, however, refers to other instances where APC allegedly failed to promote her. But she does not provide a timeline for these other instances, nor does she provide any facts about the promotions that were allegedly denied. Newell does allege that her ultimate termination resulted from racial or religion animus, and she timely included this allegation in her EECO Charge. The Court, therefore, cannot conclude that an amendment would be futile based on Newell's alleged failure to timely exhaust her administrative remedies.

Accordingly, the Court DENIES APC's Motion to Dismiss the present complaint, and GRANTS Newell's request for leave to amend her Title VII disparate treatment claim. Newell shall file an amended complaint within twenty (20) days that addresses the deficiencies outlined in this ruling. The Court advises Newell to hew to the requirements of *Swierkiewicz*—as well as the general pleading standards of *Iqbal* and *Twombly*—in amending her complaint. Once Newell files her amended complaint, APC may then move to dismiss that amended complaint if Newell has not cured the deficiencies outlined in this ruling.

### B. Title VII Hostile Work Environment Claim

APC next challenges Newell's claim of a hostile work environment. A claim of race or religious-based harassment requires proof that the plaintiff "(1) belongs to a protected group; (2) was subjected to unwelcome harassment; (3) the harassment complained of was based on race [or religion]; (4) the harassment complained of affected a term, condition, or privilege of employment; (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action."[35] Harassment affects a "term, condition, or privilege of employment" if it is "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."[36] Harassment is sufficiently "severe or pervasive enough" to

---

[35] *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002).
[36] *Id.*

create a hostile work environment when it is "objectively hostile or abusive"—meaning "an environment that a reasonable person would find hostile or abusive"—and is subjectively perceived by the victim as abusive.[37] The Supreme Court has "emphasized ... that the objective severity of harassment should be judged from the perspective of a reasonable person in the plaintiff's position."[38] This objective inquiry requires that the Court consider "all the circumstances," including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance."[39] "[N]o single factor is required."[40]

As with Newell's disparate treatment claim, the sparse allegations of her complaint do not state a plausible Title VII hostile workplace claim. The complaint merely states in a conclusory fashion that Newell was subjected to "a hostile work environment due to Plaintiff's race and religion."[41] The EEOC Charge, quoted above, details two isolated incidents that might be construed as allegations supporting a hostile work environment claim: (1) "Monique Boulet, Executive Director, came into my office multiple times yelling and screaming at me. The last time Ms. Boulet came into my office, she knocked things off my desk and stated that I attacked her and screamed 'Call the Police,'" and (2) "I was told by Ms. Godeaux that I just needed to pray ... I told Ms. Godeaux that I was uncomfortable with that line of conversation, but Ms. Godeaux continued to discuss prayer."[42] With respect to the first incident, Newell's account does not reveal any facts showing religious or race-based animus. Newell's account of the second incident appears to show only that a co-worker asked her to pray and that the co-worker discussed prayer on a single

---

[37] *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21, 114 S.Ct. 367 (1993).
[38] *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998).
[39] *Harris*, 510 U.S. at 23, 114 S.Ct. 367.
[40] *Id.*
[41] ECF No. 1 at 3.
[42] ECF No. 3-2 at 19-20.

9

occasion. Isolated incidents generally are not sufficient to support a Title VII hostile work environment claim unless they are sufficiently severe as "to alter the conditions of the victim's employment and create an abusive working environment."[43] Merely offensive conduct, even if severe, is not actionable under Title VII unless it relates to a protected characteristic—here, race or religion.[44] The allegations in Newell's complaint and her EEOC Charge do not plead facts showing harassment that is severe or pervasive; or harassment that is based on race or religion.

Newell also requests leave to amend her complaint to add additional factual allegations from her affidavit to support a hostile work environment claim. It is unclear whether these allegations show conduct that is sufficiently "pervasive or severe," or conduct that is motivated by racial or religious animus. However, the Court cannot conclude that an amendment would be futile. Accordingly, the Court DENIES APC's Motion to Dismiss the present complaint, and GRANTS Newell's request for leave to amend her Title VII hostile environment claim. Newell shall file an amended complaint within twenty (20) days that addresses the deficiencies outlined in this ruling. Once Newell files her amended complaint, APC may then move to dismiss that amended complaint if Newell has not cured the deficiencies outlined in this ruling.

C.  **Title VII Retaliation Claim.**

Finally, APC challenges Newell's retaliation claim. To state a prima facie case of retaliation under Title VII, Ned must show that "(1) [she] participated in an activity protected by Title VII; (2) [her] employer took an adverse employment action against [her]; and (3) a causal

---

[43] *Ramsey*, 286 F.3d at 268.
[44] *Howard v. United Parcel Serv., Inc.*, 447 Fed. Appx. 626, 632 (5th Cir. 2011) ("[T]he Supreme Court has warned that these high standards are intentionally demanding to ensure that Title VII does not become a general civility code, and when properly applied, they will filter out complaints attacking the ordinary tribulations of the workplace, such as the sporadic use of abusive language.") (quoting *Howard v. United Parcel Serv., Inc.*, 447 Fed. Appx. 626, 632 (5th Cir. 2011)).

connection exists between the protected activity and the adverse employment action."[45] The complaint and Newell's EEOC Charge allege that she was terminated in retaliation for complaining about discrimination and harassment on the basis of race and religion. But, again, Newell's allegations consist largely of conclusions and formulaic recitations of the elements of a retaliation claim under Title VII. As with her other claims, Newell requests leave to amend her complaint. As with her other claims, the Court cannot conclude that an amendment would be futile. Accordingly, the Court DENIES APC's Motion to Dismiss the present complaint, and GRANTS Newell's request for leave to amend her Title VII retaliation claim. Newell shall file an amended complaint within twenty (20) days that addresses the deficiencies outlined in this ruling. Once Newell files her amended complaint, APC may then move to dismiss that amended complaint if Newell has not cured the deficiencies outlined in this ruling.

## IV.
### CONCLUSION

For the foregoing reasons, the Court DENIES APC's Motion to Dismiss [ECF No. 3] without prejudice. Newell's request for leave to amend her complaint is GRANTED. Newell shall file an amended complaint within twenty (20) days of the date of this ruling that addresses the deficiencies identified herein.

THUS DONE in Chambers on this 22nd day of February, 2022.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[45] *Newbury v. City of Windbury, Tx.*, 991 F.3d 672, 678 (5th Cir. 2021) (citing *McCoy v. City of Shreveport*, 492 F.3d 551, 556–57 (5th Cir. 2007)).